IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LIBERTY MEDIA HOLDING, LLC,

                        Plaintiff,

v.                                              ORDER

SWARM OF NOVEMBER 16, 2010 to                     11-cv-299-slc
JANUARY 27, 2011, SHARING HASH FILE
AE340D0560129AFEE8D78CE07F2394C7B5BC9C05;
AND DOES 1 through 6,

                        Defendants.

---

On May 3, 2011, plaintiff filed this copyright infringement lawsuit against a group of defendants whose identities currently are unknown. *See* Complaint, dkt. 1. Plaintiff requested leave to take early discovery so that plaintiff could attempt to identify the defendants; specifically, plaintiff requested leave to serve a third-party subpoena pursuant to F.R. Civ. Pro. 45 on Charter Communications, Inc., asking Charter to identify the customers associated with six specified internet protocol (IP) addresses. *See* Motion and attached Exh. 1, dkt. 2. The court granted this motion, with the qualifier that each of the Doe defendants associated with a specified IP address would have an opportunity to object to this discovery. *See* May 5, 2011 Text Only Order, dkt. 4. Plaintiff then obtained a Rule 45 subpoena from the United States District Court for the Eastern District of Missouri, directed to Charter in St. Louis. *See* May 13, 2011 subpoena, dkt. 10-1.

Before this court are two motions to quash, filed by "Doe (with IP address 66.190.62.160)," *see* dkt. 6 and "Concerned Party," objecting to disclosing information about IP Address 97.90.236.136, *see* dkt. 7. In its order allowing early discovery, this court directed the Doe defendants to file such motions with this court, *see* May 5, 2011 text-only order, dkt. 4, so that it could serve as the gatekeeper in this dispute. Even so, this court does not have the power to grant or deny these motions because this court is not the court that actually issued the challenged subpoena. Rule 45(c)(3) provides that only the issuing court can quash or modify the challenged subpoena, even though that court has performed simply a ministerial function.

When the roles are reversed, that is, when *this* court is asked to rule on a motion to quash a Rule 45 subpoena that this court issued in a case filed in another district, then sometimes I will suggest that before this court rules on the dispute the parties seek guidance from the home court, since that court usually knows more about the case and has a stake in how procedural and substantive issues are resolved. So, in the for-what-it's-worth column, I will provide this court's view of the two motions to quash and plaintiff's responses to them, *see* dkts. 8 - 12. Ultimately, however, a judge in the United States District Court for the Eastern District of Missouri will be deciding each motion.

Starting with Doe's motion to quash, dkt. 6, plaintiff correctly notes Doe's myriad procedural errors, any of which might justify disregarding Doe's objection to the subpoena. Even so, this court routinely tolerates procedural missteps that don't prejudice the other side or compromise the court's ability to do its job properly. The court would put into this category Doe's failure to meet the filing deadline and Doe's failure to file its objection with a court. Of more concern is Doe's failure to sign the motion, as would appear to be required by F.R. Civ. P. 11(a). That rule provides that the court *must* strike an unsigned paper unless the omission is promptly remedied. (The only way a party could do this while maintaining anonymity would be to retain a lawyer, since a person either can represent him/herself or be represented by an attorney, but a person cannot be represented by a non-lawyer.) On the other hand, Rule 11(d) states that the rule does not apply to discovery objections and motions under Rules 26 through 37; Rule 45 is not mentioned. So, although it is important that a person be accountable for his/her filings in a federal lawsuit, perhaps a person's failure to sign an objection to a subpoena seeking that person's identity is forgivable. This issue doesn't merit further analysis or discussion in this case because Doe's motion to quash fails on a substantive level.

That's because F.R. Civ. P. 26(b) gives plaintiff the right to discover any nonprivileged matter that is relevant to its claim. Learning the actual identity of the person or people who may have infringed plaintiff's copyright is the *sine qua non* of moving this lawsuit forward, a finding this court essentially already made in its May 5, 2011 order allowing early discovery. Doe characterizes this as a "fishing

2

expedition." It's not: plaintiff already has provided an evidentiary basis for identifying the person or people associated with IP address 66.190.62.160. Doe claims to fear falling victim to a possible attempt of extortion, other harassment or illegal activity. Doe provides no support for any of these claims, but even if there were some arguable basis for them, Doe has remedies available on several levels. First, if plaintiff, after taking discovery directly from Doe, learns that Doe is not responsible for what happened, then plaintiff will put Doe to one side while plaintiff pursues the parties actually responsible for the alleged infringement. Second, the same Rule 11 invoked by plaintiff against Doe protects Doe from harassment by plaintiff. Third, if Doe comes to believe, objectively and in good faith, that s/he is being extorted or otherwise treated illegally, then Doe can and should report plaintiff's behavior to the appropriate law enforcement authorities. This might sound glib, but the point is that, to the extent that Doe's stated fears are more than obstructionist hyperbole, Doe has viable remedies other than to remain anonymous, which is *not* an option. The bottom line is that If the decision were this court's to make, it would deny the motion to quash.

The second motion to quash, filed by "Concerned Party" is a bit more pragmatic, arguing simply that the subpoena is too vague and will not provide plaintiff with enough information about this multiple person household to determine whom to name as a defendant. *See* dkt. 7. This is not a persuasive argument. First, the subpoena is not vague, it is very specific: plaintiff seeks subscriber information associated with IP Address 97.90.236.136. Concerned Party's real concern is that this subscriber information will not provide the answer plaintiff seeks because there is more than one person associated with this IP address. This is true as far as it goes, but it doesn't go far at all: by narrowing its search to one household out of the millions of Charter's subscribers, plaintiff likely will be able quickly and efficiently to discover which user allegedly infringed plaintiff's copyright. Maybe plaintiff will fail at this task, but Rule 26(b) gives plaintiff the right to try, within the constraints of Rule 45(c)(3). This certainly is within the scope of the early discovery contemplated and allowed by this court in its order granting plaintiff leave to attempt to identify its Doe defendants.

Ultimately, however, it will be up to the federal court in St. Louis to rule on the two pending motions to quash. Before that happens, a few procedural wrinkles need to be ironed out: first, the court has learned that plaintiff did not actually serve its opposition briefs on Doe or Concerned Party. Plaintiff's attorney certified service via this court's CM/ECF system, but the two anonymous objectors are not plugged into this case or this court: they mailed their objections to this court, careful not to include return addresses on their mailing envelopes. *See* dkts. 6-1 and 7-1. Therefore, they have never seen plaintiff's responses to their motions. Second, and related to wrinkle #1, this court cannot serve a copy of this order on Doe or Concerned Party because it doesn't know who they are or where they are. The best we can do is provide Charter's legal department with a copy of this order (attaching the docket sheet and dkts. 8-12) and ask Charter to send these materials to Doe and Concerned Party, using their IP addresses to determine their identities and mailing addresses. This is a *request* to Charter, but I am ordering plaintiff to contact Charter to learn if and when it has honored this court's request, and to report this information to the court in St. Louis once that court has opened its case. If Charter chooses to communicate directly with the court, then plaintiff is off the hook.

Which segues to wrinkle #3, getting this dispute in front of the United States District Court for the Eastern District of Missouri. On July 12, 2011, the clerk of this court telephoned the clerk's office in St. Louis, and that court has agreed to accept email copies of the instant order and attachments, then open a "miscellaneous case" that puts the two motions to quash before the court. It will be up to that court to determine whether it wants or will accept further input from any of the concerned people or entities before deciding the pending motions.

ORDER

Accordingly, IT IS ORDERED that:

(1) The clerk of this court shall email this order, this court's docket sheet, and the documents docketed as 8-12 to the United States District Court for the Eastern District of Missouri in order for that court to open a miscellaneous case regarding the pending motions to quash the Rule 45 subpoena issued by that court;

(2) The clerk of this court shall provide the same documents listed in Paragraph (1) to Charter Communications, Inc. and ask that Charter forward these documents to the subscribers who filed objections to the Rule 45 subpoena; and,

(3) Plaintiff shall contact Charter in order to act as an informational intermediary with the court if necessary.

Entered this 13th day of July, 2011.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge